**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220474-U

Order filed December 31, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0474 Circuit No. 19-CF-1468 |
| GREGORY SMITH, | ) ) ) | Honorable John J. Kinsella, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Hettel concurred in the judgment.
Presiding Justice McDade specially concurred.

_____

**ORDER**

¶ 1    *Held*:  The evidence presented at trial was sufficient to prove the defendant guilty of unlawful possession of firearm ammunition by a felon beyond a reasonable doubt.

¶ 2    The defendant, Gregory Smith, appeals his Du Page County circuit court convictions for unlawful possession of firearm ammunition by a felon. The defendant contends that there was insufficient evidence to prove beyond a reasonable doubt that he possessed real firearm ammunition.

¶ 3                        I. BACKGROUND

¶ 4          On July 18, 2019, the defendant was indicted on three counts of unlawful possession of firearm ammunition by a felon (720 ILCS 5/24-1.1(a) (West 2018)), stemming from a June 29, 2019, search of the defendant's residence. The case proceeded to a bench trial.

¶ 5          Illinois Department of Corrections (IDOC) parole agent Joseph Murawski testified that he was assigned to supervise the defendant. Part of Murawski's supervisory duties included checking to determine whether the parolees were complying with the terms and conditions of their parole. On June 29, 2019, Murawski went to the defendant's residence for an electronic monitoring issue. Upon entering the residence, Murawski noticed that the defendant had "his hands clasped together, as though he was holding something in his hands." Murawski told the defendant to "empty" his hands. The defendant complied the third time Murawski asked, opening his hands over a glass table in his living room. Murawski saw items drop and heard "a metallic sound, like metal hitting the glass table." At that time, Murawski observed a live .22-caliber round of ammunition. Murawski asked the defendant if there was any other ammunition in the room. The defendant indicated that "there was one on the floor." Murawski located a second .22-caliber round on the floor beneath a space heater. Murawski subsequently searched the entire residence and found no further contraband.

¶ 6          The State presented two live .22-caliber rounds. Murawski indicated that he had retrieved those rounds from the defendant's apartment and they were in the same condition in court as the day he had retrieved them. Murawski had "retrieved these two bullets" and "turned [them] over" to an undisclosed police officer. The defendant objected to the admission of the ammunition and the State informed the court that it did not have any further witnesses available to establish the chain of custody. The court reserved ruling on whether it would admit "the actual exhibits."

2

¶ 7    On cross-examination, Murawski indicated that he had visited the defendant's residence earlier that day but had been unsuccessful in contacting the defendant. Murawski did not recall leaving a note or speaking with the defendant's wife at that time but testified that it was certainly possible. Murawski believed that the defendant's wife answered the door upon his return to the residence. Murawski indicated that he called the police department because the "IDOC does not have a chain of custody," and he needed the police to effectuate the arrest of the defendant and take possession of the collected evidence.

¶ 8    The State presented certified copies of the defendant's prior felony convictions and, again, attempted to admit the .22-caliber rounds. The court found that Murawski's testimony regarding the ammunition would stand but without any chain of custody evidence it would not admit them to show "that these are, in fact, the same bullets." The court did admit the ammunition for the limited purpose of demonstrating the appearance of the rounds that Murawski recovered.

¶ 9    The defendant testified that he was on mandatory supervised release on June 29, 2019. His wife retrieved a letter left on the door by Murawski and gave it to the defendant. The letter informed the defendant to contact Murawski immediately. The defendant called Murawski who arrived at his residence 20 minutes later. The defendant was expecting Murawski and answered the door when he knocked. He did not have any metal objects in his hands at that time. After Murawski entered the residence, he looked around and asked the defendant what was on top of the heater. The defendant indicated that Murawski then "went over there and retrieved the bullet off the heater." Murawski then asked the defendant to empty his pockets, which only contained paper. The defendant testified that he did not own any firearms or ammunition. On cross-examination, the defendant denied saying there was a bullet near the heater. He indicated that Murawski said the item that he retrieved was a bullet. The defendant had "never [seen] any bullet."

3

¶ 10    Following closing arguments, the court found that, while expert testimony might be needed to differentiate between different types of ammunition, ammunition, in general, is "subject to common understanding and identification." The court acknowledged that, if there were issues that required more specific information, like caliber or brand, the evidence presented might be more problematic for the State. However, such evidence was not required in the instant case. The court was satisfied that, due to Murawski's employment and duty to enforce the conditions of parole, he would be able to recognize and identify ammunition. The court found that it was clear based on the evidence provided that the items which Murawski retrieved from the defendant were ammunition. It did not find the defendant's testimony to be credible. The court found the defendant guilty on all three counts of unlawful possession of firearm ammunition by a felon.

¶ 11    The defendant filed a posttrial motion arguing that the evidence was insufficient to establish that the items retrieved by Murawski were ammunition where the actual bullets were not admitted into evidence. The defendant contended that what was presented was "just what appeared to be a .22-caliber bullet," and there was no proof that the ammunition could be fired. The evidence failed to establish that the items were not "dead rounds." The court found that the description provided by Murawski was credible and sufficient to establish that the retrieved items fit the statutory definition of ammunition and denied the motion. The defendant was sentenced to six years' imprisonment. The defendant appealed.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, the defendant argues that the evidence was insufficient to establish his guilt for unlawful possession of firearm ammunition by a felon beyond a reasonable doubt where the State failed to present the recovered ammunition at trial or any other credible, objective evidence to establish that the defendant possessed real firearm ammunition.

4

¶ 14    When a defendant challenges the sufficiency of the evidence, we must determine whether the evidence, when viewed in the light most favorable to the State, would permit any rational trier of fact to find that the State proved the elements of the offense beyond a reasonable doubt. *People v. Ross*, 229 Ill. 2d 255, 272 (2008). All reasonable inferences in favor of the State are allowed but unreasonable or speculative inferences are not permissible. *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). The testimony of a single witness is sufficient to convict if the testimony is positive and the witness is credible. *People v. Smith*, 185 Ill. 2d 532, 541 (1999).

¶ 15    It is not our role to reweigh the evidence. *People v. Hendricks*, 325 Ill. App. 3d 1097, 1110 (2001). The trier of fact must "resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts," and we will not replace that judgment with our own regarding the weight of the evidence or credibility of witnesses. *People v. Gray*, 2017 IL 120958, ¶ 35. The trier of fact's decision to accept a witness's testimony as credible is entitled to great deference but may be found unreasonable "where the record evidence compels the conclusion that no reasonable person could accept it beyond a reasonable doubt." *Cunningham*, 212 Ill. 2d at 280. "A conviction will not be reversed simply because the evidence is contradictory or because the defendant claims that a witness was not credible." *Gray*, 2017 IL 120958, ¶ 36. A criminal conviction will only be set aside where "the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985).

¶ 16    To find the defendant guilty of unlawful possession of firearm ammunition by a felon, the State needed to prove beyond a reasonable doubt that he "knowingly possess[ed] on or about his person or on his land or in his own abode *** any firearm ammunition" and that he had been convicted of a felony. 720 ILCS 5/24-1.1(a) (West 2018). The defendant does not dispute his status as a felon and only argues that the State failed to prove that he possessed real firearm ammunition.

5

In pertinent part, firearm ammunition is defined as "any self-contained cartridge or shotgun shell, by whatever name known, which is designed to be used or adaptable to use in a firearm." 430 ILCS 65/1.1 (West 2018).

¶ 17    Viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. At trial, Murawski testified that he heard a metallic item hitting a glass table and observed a live .22-caliber round. The defendant then directed Murawski to the approximate location of another identical object. Murawski testified that the items presented by the State were what he had located in the defendant's possession. While the court did not consider those items to be the exact items that Murawski located, the .22-caliber rounds admitted by the State demonstrated the appearance of the items recovered by Murawski. Further, contrary to the defendant's arguments, the record does not establish that no reasonable person could accept Murawski's testimony beyond a reasonable doubt. Accordingly, we will not disturb the court's credibility determinations.

¶ 18    Additionally, we reject the defendant's argument that no objective evidence established that items Murawski found in the defendant's possession were real ammunition. The defendant contends the court's finding that the ammunition admitted by the State for a limited demonstrative purpose have no probative value and, therefore, no bearing on the defendant's guilt. However, "[c]ourts look favorably upon the use of demonstrative evidence, because it helps the [trier of fact] understand the issues raised at trial." *People v. Burrows*, 148 Ill. 2d 196, 252 (1992). Murawski testified that the rounds he found in the defendant's possession matched those admitted by the State. Accordingly, even though the court did not consider those rounds to be the exact ones found by Murawski, it was able to see, firsthand, the appearance of the located rounds. This stands in contrast to the defendant's reliance on *Ross*, 229 Ill. 2d at 277, where the State failed to present

6

any evidence that the gun in question might be a dangerous weapon, including "the gun or photographs of the gun at trial."

¶ 19        Based on the foregoing, we find the evidence sufficient to sustain the defendant's convictions for unlawful possession of firearm ammunition by a felon.

¶ 20                                    III. CONCLUSION

¶ 21        The judgment of the circuit court of Du Page County is affirmed.

¶ 22        Affirmed.

¶ 23        PRESIDING JUSTICE McDADE, specially concurring:

¶ 24        I find the manner in which the physical evidence was handled in this case and its introduction into evidence to be highly problematic, but I nevertheless concur merely because our review is limited by the argument actually raised by Smith.